1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   ROBERT D. GWIN,

                        CASE NO. C16-11-MJP

11              Petitioner,

                        ORDER DENYING MOTIONS TO
                        VACATE, SET ASIDE, OR
12        v.            CORRECT SENTENCE UNDER 28
                        U.S.C. § 2255
13   UNITED STATES OF AMERICA,

14              Respondent.

15

16        THIS MATTER comes before the Court on pro se Petitioner Robert D. Gwin's Motions

17   to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Dkt. Nos. 1, 11.)

18   Having considered the Parties' briefing (Dkt. Nos. 1, 6, 8, 9, 10, 11) and the related record, the

19   Court hereby DENIES the Motions for relief.  A certificate of appealability is DENIED.

20                                    **Background**

21        On September 19, 2002, Petitioner Robert D. Gwin was sentenced to a 387-month prison

22   term and five years of supervised release following his convictions for Carrying a Firearm in

23   Commission of a Drug Trafficking Crime, Possession of a Firearm as a Convicted Felon, and

24   Possession of Cocaine Base with Intent to Distribute.  As part of its sentencing calculations, the

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 1

1   Court determined that Mr. Gwin was a career offender based on two Washington state

2   convictions—a 1993 conviction for Unlawful Delivery of a Controlled Substance (Cocaine) and

3   a 1990 conviction for Assault in the Second Degree with a Deadly Weapon—and sentenced him

4   accordingly.

5        Mr. Gwin now moves to vacate, set aside, or correct his sentence in light of the Supreme

6   Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  (Dkt. Nos. 1, 8, 10, 11.)

7   First, Mr. Gwin contends that the two Washington state convictions that rendered him a career

8   offender can no longer serve as career offender predicates under the so-called residual clause of

9   USSG § 4B1.2(a)(2) following Johnson, which invalidated the identically-worded residual clause

10  in the Armed Career Offender Act ("ACCA") as unconstitutionally vague.  Second, Mr. Gwin

11  argues that because his assault conviction resulted from Washington's version of an Alford plea,

12  it cannot serve as a career offender predicate following United States v. Williams, 741 F.3d

13  1057, 1059 (9th Cir. 2014) and United States v. Alston, 611 F.3d 219 (4th Cir. 2010), which Mr.

14  Gwin argues preclude a sentencing court from relying on convictions obtained by Alford pleas

15  when adjudicating a defendant as a career offender.  Third, Mr. Gwin argues his trial attorney

16  was ineffective for not raising this Alford-based objection at sentencing.  Finally, Mr. Gwin

17  argues that Washington's second degree assault statute is overbroad and not "divisible" within

18  the meaning of Descamps v. United States, 133 S. Ct. 2276 (2013), and thus his assault

19  conviction cannot qualify as a crime of violence under the modified categorical approach

20  recognized in Taylor v. United States, 495 U.S. 575 (1990).

21        The government opposes Mr. Gwin's Motions.  (Dkt. Nos. 6, 9.)

22        As discussed below, the Court concludes that Mr. Gwin's Motions must be DENIED.

23

24

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 2

**Discussion**

I.      Johnson v. United States and Residual Clause of USSG § 4B1.2(a)(2)

Mr. Gwin first argues that the two Washington state convictions that rendered him a

career offender can no longer serve as career offender predicates under the so-called residual

clause of USSG § 4B1.2(a)(2) following Johnson, which invalidated the identically-worded

residual clause in the Armed Career Offender Act ("ACCA") as unconstitutionally vague.  The

government argues that Johnson's impact on the Career Offender Guidelines is irrelevant in this

case because the Court did not rely on the residual clause in finding that Mr. Gwin's prior

convictions qualified him as a career offender.  (Dkt. No. 6 at 11-12.)  The Court agrees.

USSG § 4B1.2 provides in relevant part:

> (a) The term "crime of violence" means any offense under federal or state
> law, punishable by imprisonment for a term exceeding one year, that—
>     (1) has as an element the use, attempted use, or threatened use of
> physical force against the person of another, or
>     (2) is burglary of a dwelling, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents a serious potential risk of
> physical injury to another.
> (b) The term "controlled substance offense" means an offense under
> federal or state law, punishable by imprisonment for a term exceeding one year,
> that prohibits the manufacture, import, export, distribution, or dispensing of a
> controlled substance (or a counterfeit substance) or the possession of a controlled
> substance (or a counterfeit substance) with intent to manufacture, import, export,
> distribute, or dispense.

Mr. Gwin's conviction for unlawful delivery of cocaine is a controlled substance offense,

and its status as a career offender predicate is not impacted by USSG § 4B1.2(a)(2)'s residual

clause.  And, as the Ninth Circuit has determined, Mr. Gwin's conviction for second degree

assault with a deadly weapon under RCW 9A.36.021(1)(c) is categorically a crime of violence as

defined in USSG § 4B1.2(a)(1) because under Washington law, all instances of assault with a

deadly weapon "have as an element the 'use, attempted use, or threatened use of physical force

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 3

1    against the person of another.'" United States v. Jennen, 596 F.3d 594, 600-02 (9th Cir. 2010).

2    Because USSG § 4B1.2(a)(1), as opposed to USSG § 4B1.2(a)(2), does not have a residual

3    clause, the constitutionality of the residual clause has no impact on Mr. Gwin's status as a career

4    offender.

5        In sum, Johnson is not applicable to Mr. Gwin's case.  Because Mr. Gwin's predicates

6    did not arise under the so-called residual clause, and instead arose under other portions of the

7    Career Offender Guidelines, he is not entitled to relief on this basis.

8        II.        Alford Plea as Career Offender Predicate and Ineffective Assistance

9     Next, Mr. Gwin contends that because his assault conviction resulted from Washington's

10   version of an Alford plea, it cannot serve as a career offender predicate following United States

11   v. Williams, 741 F.3d 1057, 1059 (9th Cir. 2014) and United States v. Alston, 611 F.3d 219 (4th

12   Cir. 2010), which Mr. Gwin argues preclude a sentencing court from relying on convictions

13   obtained by Alford pleas when adjudicating a defendant as a career offender.  The Court

14   disagrees.

15        First, this claim for relief is time barred because it was not filed within the one-year

16   limitation period as provided by 28 U.S.C. §§ 2255(f)(1)-(4) and is now procedurally defaulted.

17   Second, even if it were not time barred and procedurally defaulted, this claim is meritless.  A

18   defendant's status as a career offender turns on whether he "has at least two prior felony

19   convictions for either a crime of violence or a controlled substance offense," not whether he

20   actually committed those predicate crimes.  USSG § 4B1.1(a) (emphasis added); see also United

21   States v. Guerrero-Velasquez, 434 F.3d 1193, 1197 (9th Cir. 2006) ("Whether or not a defendant

22   maintains his innocence, the legal implications of a guilty plea are the same in the context of the

23   modified categorical approach under Taylor. The question under the sentencing guidelines is

24

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 4

1   whether a defendant has 'a <u>conviction</u> for a ... crime of violence,' not whether the defendant has

2   admitted to being guilty of such a crime.") (citation omitted).  <u>United States v. Williams</u> does not

3   compel a contrary result.  <u>Williams</u>, 741 F.3d at 1060 ("One can be convicted of a crime without

4   having actually committed it, as may be the case with <u>Alford</u> and nolo contendere pleas….").  As

5   discussed above, Mr. Gwin was convicted of second degree assault with a deadly weapon, a

6   predicate crime of violence under USSG § 4B1.2(a)(1).  The fact that the conviction resulted

7   from an <u>Alford</u> plea, and that Mr. Gwin refused to admit guilt as to all of the elements, does not

8   negate that he was, in fact, convicted of that offense.

9       Because there was nothing wrong with the Court's use of an <u>Alford</u>-based conviction in

10  this fashion, neither trial nor appellate counsel were ineffective for failing to object on this basis.

11  See <u>Baumann v. United States</u>, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a

12  meritless legal argument does not constitute ineffective assistance of counsel.").

13      The Court finds that Mr. Gwin is not entitled to relief on these bases.

14      III.     Divisibility under <u>Descamps v. United States</u>

15      Lastly, Mr. Gwin contends that he is entitled to relief because Washington's second

16  degree assault statute is overbroad and not "divisible" within the meaning of <u>Descamps v. United</u>

17  <u>States</u>, 133 S. Ct. 2276 (2013), and thus his assault conviction cannot qualify as a crime of

18  violence under the modified categorical approach recognized in <u>Taylor v. United States</u>, 495

19  U.S. 575 (1990).  The Court disagrees.

20      As with Mr. Gwin's <u>Alford</u>-based claims, this claim is time barred and procedurally

21  defaulted.  Even if it were not, however, it would still fail.  As discussed above, the Ninth Circuit

22  has expressly held that "Washington's crime of second degree assault with a deadly weapon is

23  categorically a crime of violence." <u>Jennen</u>, 596 F.3d at 600.  Because this conviction is

24

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 5

1   categorically a crime of violence, the Court's "'inquiry is complete'" and there is no need to

2   "apply the modified categorical approach." <u>United States v. Melchor-Meceno</u>, 620 F.3d 1180,

3   1183 (9th Cir. 2010) (quoting <u>United States v. Grajeda</u>, 581 F.3d 1186, 1189 (9th Cir. 2009)).

4   And, because the modified categorical approach is not applicable here, <u>Descamps v. United</u>

5   <u>States</u>, 133 S. Ct. 2276 (2013), is likewise inapplicable.  Accordingly, the Court concludes that

6   Mr. Gwin has not established an entitlement to relief on this basis.

7           IV.     Certificate of Appealability

8           28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue "only if the

9   applicant has made a substantial showing of the denial of a constitutional right."  To satisfy this

10  standard, petitioners must show "that reasonable jurists could debate whether . . . the petition

11  should have been resolved in a different manner or that the issues presented were 'adequate to

12  deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, (2000) (quoting

13  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). To make such a showing, a petitioner must

14  demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition

15  should have been resolved in a different manner or that the issues presented were adequate to

16  deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)

17  (internal quotation marks and citation omitted).

18          The Court finds that Mr. Gwin has failed to make the showing required in order to be

19  entitled to a certificate of appealability on any of the issues presented in his Motions.

20  Accordingly, a certificate of appealability is DENIED.

21                                          **Conclusion**

22          The Court finds that Mr. Gwin has not met his burden to prove by a preponderance of the

23  evidence the existence of an error rendering his conviction or sentence unlawful.  <u>See</u> <u>Simmons</u>

24

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 6

1   v. Blodgett, 110 F.3d 39, 42 (9th Cir. 1997).  Therefore, Petitioner's Motions to Vacate, Set

2   Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are DENIED.  (Dkt. Nos. 1, 11.)  A

3   certificate of appealability is DENIED.

4

5           The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

6

7           Dated this 8th day of July, 2016.

8

9                                                         Marsha J. Pechman
                                                          United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTIONS TO VACATE, SET
ASIDE, OR CORRECT SENTENCE UNDER 28
U.S.C. § 2255- 7